UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIKALAI LAMAKA, *individually and on behalf
of all others similarly situated*,

                Plaintiff,

  - against -

RUSSIAN DESSERTS INC., and RAFAEL
IBRAGIMOV,

                Defendants.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER
18-CV-07354

GLASSER, Senior United States District Judge:

      Plaintiff Mikalai Lamaka commenced this action against defendants Russian Desserts Inc. ("Russian Desserts") and Rafael Ibragimov, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") § 190 *et seq.* (ECF No. 1, "Compl."). Before the Court is plaintiff's motion for default judgment. (ECF No. 12).[1] As set forth below, that motion is **DENIED** and the complaint is **DISMISSED** with leave to amend.

## BACKGROUND

      After being served with the summons and complaint, defendants had until January 29, 2019 to answer. (*See* ECF Nos. 6–7). That deadline came and went with no response or appearance. Plaintiff subsequently requested a Certificate of Default, which was issued by the Clerk of Court on July 22, 2019. (ECF Nos. 9–10). Plaintiff has since moved for default judgment, seeking $52,488 in damages and an unspecified sum of attorneys' fees.[2] (ECF No. 12 at 3).

---

[1] The Court uses the pagination assigned by the electronic case filing system for ECF No. 12.

[2] The supporting affirmations of plaintiff and his counsel reflect a nearly $10,000 discrepancy in the amount of total damages sought. (*Compare* ECF No. 12 at 3 *with id.* at 5).

1

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for obtaining a default judgment. Step one requires a plaintiff to obtain the court clerk's entry of default when the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once entered, in step two, plaintiff moves for default judgment and the court considers "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (quoting *Leider v. Ralfe*, No. 01 Civ. 3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)). "It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint. However, it is also true that a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations and internal quotation marks omitted). As our precedent makes clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, when a defendant defaults, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

## DISCUSSION

Despite defendants' clear default, the complaint is insufficient as a matter of law. It only offers boilerplate, conclusory allegations that our courts have found lacking. *See Iqbal*, 556 U.S. at 678. Absent amendments, no default judgment can be issued.

As a threshold matter, plaintiff must make sufficient allegations establishing FLSA coverage. The FLSA only applies "to employees who were (1) 'employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce ("enterprise coverage"),' or (2) 'personally engaged in interstate commerce or in the production of goods for interstate commerce ("individual coverage").'" *Klimchak v. Cardrona, Inc.*, No. 09-CV-4311 (MKB), 2014 WL 3778964, at *5 (E.D.N.Y. July 31, 2014) (quoting *Shim v. Millennium Grp.*, No. 08-CV-4022(FB)(VVP), 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009)). Here, plaintiff only offers bare legal conclusions that he was an employee "within the meaning of all applicable statutes," (Compl. ¶ 8), and that Russian Desserts was an employer as "defined in the FLSA." (*Id.* ¶ 9). Without more, the Court is not satisfied that the FLSA applies.

If plaintiff intends to rely on enterprise coverage, he must allege that Russian Desserts: (1) maintained annual sales of over $500,000, and (2) engaged in interstate commerce. 29 U.S.C. § 203(s)(1)(A). Most cases in this Circuit require a plaintiff to "plead the specific fact that the defendant [maintained] $500,000.00 or more in annual gross business." *Klimchak*, 2014 WL 3778964, at *6 (quoting *Gonzales v. Gan Israel Pre-School*, No. 12-CV-06304 (MKB), 2014 WL 1011070, at *7 (E.D.N.Y. Mar. 14, 2014)). Plaintiff has not specifically pleaded this requirement, nor has he alleged facts from which it could be reasonably inferred. Plaintiff also fails to allege that Russian Desserts—or plaintiff—engaged in interstate commerce. Although plaintiff appears to be a baker, he is frequently referred to as an electrician, or as being involved in the "electrical industry." (Compl. ¶¶ 9, 26, 28 & p. 15). Notably, Russian Desserts is defined as "a domestic corporation operating in the electrical industry in the City and State of New York," leaving plaintiff's work entirely ambiguous. (*Id.* ¶ 9). From these factually sparse and contradictory

allegations, the Court cannot conclude that enterprise or individual coverage are adequately pleaded.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment is **DENIED**[3] and the complaint is **DISMISSED** without prejudice. Plaintiff is given leave to amend the complaint within 30 days of the entry of this order.

SO ORDERED.

Dated: Brooklyn, New York
January 3, 2020

/s/
I. Leo Glasser                                    U.S.D.J.

---

[3] Plaintiff's affirmation in support of his motion for default judgment does not certify the amount of hours he worked or offer any insight into how he calculated the alleged damages. (*See* ECF 12 at 3). Should he renew his motion, plaintiff should further substantiate his application.